GOLD BOND STAMP COMPANY OF NEW YORK, Appellant, v. E. F. MACDONALD STAMP COMPANY et al., Respondents.

First Department, July 10, 1962. (As Republished July 13, 1962.)

*William L. Lynch* of counsel (*Joseph Chase, Arthur Elfenbein* and *Dennis J. Kenny* with him on the brief; *Cleary, Gottlieb & Steen,* attorneys), for appellant.

*Lawrence E. Walsh* of counsel (*Richard E. Nolan, Roland W. Donnem* and *T. Richard Brown* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for respondents.

STEUER, J. Plaintiff and defendant MacDonald Stamp Company are competitors in the trading stamp business. The business operates in this way: The company contracts with retail merchants to sell them trading stamps which the merchants give as a bonus to their customers in proportion to the amount of the latter's purchases. The customer can use the stamps to acquire merchandise at stores maintained by the company for this purpose. The company issues a catalogue describing the merchandise that can be acquired and the number of stamps necessary to acquire each article.

The complaint charges, and the affidavits reveal, that defendant has hired certain former employees of plaintiff. Nothing improper in the hiring is claimed. However, these employees being familiar with plaintiff's methods and with the merchants with whom plaintiff has contracts, have solicited and are soliciting these merchants to breach their contracts with plaintiff and to enter into contracts with defendant and, consequently, to use defendant's stamps. These facts are not disputed but defendant has convinced Special Term that an injunction should not issue. We believe the denial of a preliminary injunction was an improper exercise of discretion.

Defendant seeks to justify its conduct on several grounds. The first is in effect that plaintiff does not come into equity with clean hands. The substance of the charge is that in obtaining agreements with merchants plaintiff indulged in questionable methods, namely, failing to call attention to provisions in the agreement which might subsequently prove onerous to the merchant, and if these clauses were questioned by the merchant (the clauses themselves are discussed below), he was told that they were not generally enforced. In another connection, it is conceded that this representation was true — as a general rule it was neither necessary nor advisable to enforce the provisions, but the very representation put the merchant on notice that there might be circumstances under which the plaintiff might hold the merchant to his agreement. We do not believe the affidavits raise a question in this defense. In any event, the alleged inequitable conduct did not occur in any transaction vis-a-vis this defendant. " The doctrine of unclean hands is only available

when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct'' (*Weiss* v. *Mayflower Doughnut Corp.*, 1 N Y 2d 310, 316).

At this point it is necessary to discuss in greater detail plaintiff's contracts with retailers. They are in the form of a license agreement and the term is one year. There is a further provision that either party may cancel the agreement upon giving at least 45 days' written notice. There is a further provision that in the event the agreement is terminated by the action of the licensee (merchant), the latter will not use a competitive stamp for a period of 60 days. It is these provisions that the plaintiff's licensees were induced to breach.

Defendant claims these clauses to be legally unenforcible for three reasons. The first is that they constitute a penalty or forfeiture. It is obvious that they do not. Nothing prevents the parties from agreeing on the term of the contract, and it is not, and could not be, asserted that the contract period of a year was in any way illegal or unenforcible. It follows that the provision for earlier cancellation on notice is likewise unexceptionable. So the only objection with any basis of claim is to the restriction of 60 days. It would be a complete answer to this contention that this clause is not involved in this case at all. None of the instances where defendant's interferences resulted in breaches by the merchants are alleged to have occurred during this 60-day period. Notices were never given and obviously even the 45-day period when the contracts were in effect was too long for the defendant to wait. But even if this objection were obviated, defendant would be on no firmer ground. Restrictive covenants are legal up to the point where they become oppressive. The short period here involved is not such an instance, and cases involving covenants which prevent a former employee from engaging in the same occupation for an extended period are not apposite. In fact, defendant does not argue that 60 days is not a reasonable period for adjustment. It continuously refers to 105 days—arrived at by adding the notice period. That is the period that defendant might have to wait, but it is not the period that one of plaintiff's licensees would be without stamps. It is understandable that such a period would.be irksome to anyone of defendant's nature.

Defendant further objects to these clauses as unlawful under Federal antitrust statutes, on the theory that they effect a monopoly. Unless one subscribes to the proposition that a party to a contract should always be free to rid himself of the obligation when he finds a more attractive bargain available, it

is hard to see that this is so. No foreclosure of competition in any substantial share of the market is indicated. Failing that, the Clayton Act is not applicable (*Tampa Elec. Co.* v. *Nashville Coal Co.*, 365 U. S. 320). Even assuming, as defendant argues, that the day-to-day living of the merchants involved would effectually prevent them from changing brands of stamps once they have contracted, the market is still open and unaffected.

The claim that plaintiff's contracts are illusory in that they call for no specific amount of stamps does not merit discussion.

In addition to defendant MacDonald Stamp Company, there have been joined as defendants three former employees of plaintiff now employed by MacDonald Company and several merchants who have breached their contracts. As to the latter, a majority of the court are of the opinion that adequate relief can be obtained by a suit at law. Consequently, no injunctive relief against these defendants may issue. As to the corporate defendant and its employees, an injunction along the lines indicated is in order.

Order insofar as it denies temporary injunction as against defendants E. F. MacDonald Stamp Co., Andrich, McArdle and Fallon reversed, on the law and the facts and in the exercise of discretion, and in other respects affirmed, with costs to appellant.

VALENTE, J. (dissenting). An injunction *pendente lite* was properly denied in this case. Plaintiff's entire case is predicated on the efficacy of the license agreements made with merchants for the use of plaintiff's trading stamps. Under such agreements the plaintiff authorizes merchants to use its Gold Bond Stamp Plan and agrees to supply the necessary books and advertising literature for the merchant's use. The licensee agrees to purchase stamps from plaintiff at a stipulated price. There is provision that the agreement shall remain in force for one year with the proviso that the licensor or licensee shall have the option of canceling upon 45 days' written notice. Finally the licensee agrees that in the event it discontinues the Gold Bond Stamp Plan, it will not use a competitive stamp or coupon plan for a period of 60 days after the termination.

As I view these license agreements, they do not impose on merchants a duty to deal exclusively in plaintiff's stamps. Hence, defendant's activities in selling their trading stamps to merchants who had license agreements with plaintiff did not constitute wrongful interference with valid contracts. The restrictive termination clauses contained in plaintiff's contracts constitute a penalty or forfeiture which a court of equity should

not enforce. In fact, they constitute unreasonable restraints of trade prohibited by section 340 of the General Business Law and the Federal statutes.

Therefore, I dissent, and would affirm the denial of a temporary injunction.

McNALLY and EAGER, JJ., concur with STEUER, J.; VALENTE, J. P., dissents in opinion.

Order entered on May 4, 1962 insofar as it denies temporary injunction as against defendants E. F. MacDonald Stamp Co., Andrich, McArdle and Fallon reversed, on the law and the facts and in the exercise of discretion, and in other respects affirmed, with $20 costs and disbursements to appellant. Settle order on notice.